UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAY HOLT FULMER and<br>CHRISTINA MACDONALD, individually,<br><br>VERSUS<br><br>THE UNITED STATES OF AMERICA | CASE NO.<br><br>SECTION<br><br>JUDGE<br><br>MAG. |

## FEDERAL TORT CLAIMS ACT COMPLAINT

NOW INTO COURT, through undersigned counsel comes Jay Holt Fulmer and Christina MacDonald, individually, who respectfully represent that:

## NATURE OF THE ACTION

1. This is an action to recover damages for the United States of America's employees: Cynthia Bartholomae, NP, and Manuel Imseis, M. D., medical negligence in failing to prevent, treat and diagnose Catherine Fulmer's breast cancer.

## PARTIES

2. Complainants herein are:

A. JAY HOLT FULMER, a natural person of full age of majority, widow of Catherine Fulmer, and a resident of Louisiana; and

B. CHRISTINA MACDONALD, a natural person of full age of majority, the biological daughter of Catherine Fulmer, and a resident of Louisiana.

3. Made defendant herein is:

A. THE UNITED STATES OF AMERICA, is sued for Complainants' personal injuries caused by the negligent or wrongful acts or omission of its employees, Cynthia Bartholomae, NP, and Manuel Imseis, M. D. Those employees were acting within the course and scope of their office or employment under circumstances where the United States, if a private person, would be liable to Complainants in accordance with the laws of the State of Louisiana, See, 28 U.S.C. 1346(b).

## JURISDICTION

4. This Court has exclusive jurisdiction to adjudicate Jay Holt Fulmer and Christina MacDonald's FTCA claim against the United States of America, pursuant to 28 U.S.C. §1346(b)(1). Jay Holt Fulmer and Christina MacDonald's claim is for personal injury and wrongful death caused by the negligence of United States' employees acting within the course and scope of their employment and under circumstances where the United States, if a private person, would be liable to Claimants in accordance with Louisiana law. Jay Holt Fulmer and Christina MacDonald's claims accrued after January 1, 1945.

5. This Court has subject matter jurisdiction to adjudicate Jay Holt Fulmer and Christina MacDonald's FTCA claim against the United States of America, pursuant to 28 U.S.C §2675(a). On January 24, 2017, Jay Holt Fulmer and Christina MacDonald timely instituted their claims with the United States Department of Health and Human Services (DHH) – the appropriate Federal agency. DHH denied the claim on June 20, 2017. Accordingly, Jay Holt Fulmer and Christina MacDonald have exhausted their administrative rights, prior to instituting the instant action.

6. This Court has personal jurisdiction over the United States of America.

## VENUE

7. Venue is proper in the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1391(e)(1) and 1402(b). The United States' employees whose conduct is at issue reside in the Eastern District of Louisiana; the events, acts, and omissions, giving rise to Jay Holt Fulmer and Christina MacDonald's claim occurred in the Eastern District of Louisiana.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

8. Per 28 U.S.C. § 2671 et seq. commonly known as the "Federal Tort Claims Act" (FTCA) the United States of America is liable – for its employees' negligence – to Petitioners in the same manner and to the same extent as a private individual under like circumstances.

9. The United States of America's liability is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the Department of Health and Hospitals (DHH).

10. The United States of America has admitted that at the time of the incident Cynthia Bartholomae, NP, and Manuel Imseis, M. D., were acting within the course and scope of their employment with EXCELth Inc., the EXCELth Family Health Center, located in New Orleans, Louisiana, and Access Health Louisiana, located in Kenner Louisiana, entities deemed eligible for coverage under the Federal Tort Claims Act by DHH.

11. Since Cynthia Bartholomae, NP, and Manuel Imseis, M. D were United States' employees acting within the course and scope of their office or employment when the negligence occurred, the United States of America, if a private person, is liable to Jay Holt Fulmer and Christina MacDonald, in the same manner and to the same extent as a private individual under the laws of the State of Louisiana.

FACTUAL ALLEGATIONS

12. Mrs. Catherine Fulmer died on March 19, 2015. An autopsy revealed that Mrs. Fulmer expired from "invasive, poorly to moderately differentiated ductal carcinoma of the right breast with metastases to right axillary lymph nodes, left breast, periaortic lymph nodes, neck lymph nodes, mesentery, liver and right lung." Her cancer was diagnosed on or about December 26, 2014,

at St. Bernard Hospital when a "large white area on the outer aspect of the right breast" was noted." It had been observed by the patient for two months and was growing.

13. Cynthia Bartholomae, NP, and Manuel Imseis, M. D, consistently provided primary care and treated Mrs. Fulmer in the years prior to her death, beginning no later than June 7, 2011. During which time Manuel Imseis, M. D., only "planned" for a bilateral mammogram one time, on or about June 11, 2014. On information and belief, such mammogram was never performed and, if performed, never reported or reviewed by Dr. Imseis. Cynthia Bartolomae allegedly planned a "screening breast exam" on November 10, 2014. An exam on that date would have revealed the breast wound which resulted in her cancer diagnosis on December 26, 2014.

14. Cynthia Bartholomae, NP, and Manuel Imseis, M. D failed to timely diagnosis, treat and refer for proper treatment to Mrs. Fulmer for the extended metastasized cancer which took her life.

15. Cynthia Bartholomae, NP, and Manuel Imseis, M. D were negligent and in violation of applicable standards of care in the following non-exclusive particulars:

A. Failure to appropriately evaluate and treat Mrs. Fulmer;

B. Failure to obtain timely consultation by an oncologist;

C. Failure to perform periodic breast examinations;

D. Failure to order and review periodic mammograms;

E. Failure to use all reasonable diligence in protecting Mrs. Fulmer from foreseeable risk of injury;

F. Other acts and/or omissions which will be more fully proven at trial.

16. Cynthia Bartholomae, NP, and Manuel Imseis, M. D's negligence and violation of applicable standards of care as described above, directly and proximately caused Mrs. Fulmer to lose all chance of receiving proper and potential life saving treatment for her cancer.

17. Cynthia Bartholomae, NP, and Manuel Imseis, M. D negligence and breaches in applicable standards of care as described above were the legal cause of Complainant's damages described below:

    A. Physical pain and suffering, past present and future;

    B. Mental anguish, depression, anxiety, stress, humiliation and other emotional injuries past, present and future;

    C. Medical bills and expenses, past and future;

    D. Loss of enjoyment of life and other hedonic damages, past, present and future;

    E. Loss of consortium, past present and future;

    F. Physical impairment and disfigurement, past, present and future;

    G. Loss of wages and loss of earning capacity;

    H. Loss of chance of better outcome;

    I. Death, and

    J. Other damages, past, present and future, to be proven more fully at the trial of this action.

18. All damages sought herein would not have occurred but for Cynthia Bartholomae, NP, and Manuel Imseis, M. D's negligent conduct alleged herein, or Cynthia Bartholomae, NP, and Manuel Imseis, M. D's negligent conduct was a substantial factor in causing Complainant's damages alleged herein.

## COUNT ONE; LOUISIANA MEDICAL NEGLIGENCE

19. The United States of America is liable unto Complainants for conduct which constitutes actionable negligence under Louisiana law including but not limited to Civil Code article 2315.1 and 2315.2.

20. The United States of America's healthcare employees Cynthia Bartholomae, NP, and Manuel Imseis, M. D, had a duty to provide and render medical services to Catherine Fulmer, as exhibited by the training, skills, and competence of other practicing healthcare providers within their respective specialties.

21. Mrs. Catherine Fulmer as a woman in her sixties during the period in which Cynthia Bartholomae, NP, and Manuel Imseis, M. D, provided her medical care, should have, according to ordinary standards of care, been provided an annual breast exam and mammogram to screen for breast cancer.

22. The failure of Cynthia Bartholomae, NP, and Manuel Imseis, M. D, to provide such exam and mammogram was a significant and primary factor in failure to detect cancer in Mrs. Catherine Fulmer's breasts.

## DAMAGES SUFFERED BY PETITIONERS

23. As a direct result of the breach of the standard of care by the United States of America's employees: Cynthia Bartholomae, NP, and Manuel Imseis, M. D, Petitioners are entitled to bring suit against the United States of America, including the following actions:

A. A survival action, pursuant to Louisiana Civil Code article 2315.1 by Petitioners for Catherine Fulmer's injuries, mental anguish, emotional distress, physical pain and suffering prior to death, lost wages, lost earning capacity, loss of enjoyment of life, medical and burial expenses.

B. A wrongful death action, pursuant to Louisiana Civil Code article 2315.2, by Petitioners for Catherine Fulmer's wrongful death, including loss of consortium claim consisting of mental anguish, emotional distress, loss of love and affection, loss of services, loss of society, and loss of support.

## LOSS CHANCE OF SURVIVAL

24. Alternatively and/or additionally, Complainants specifically plead a claim for Catherine Fuller's lost chance of survival. Upon information and belief, had the United States of America's employees, Cynthia Bartholomae, NP, and Manuel Imseis, M. D, acted in a timely manner regarding providing breast exams and mammograms, Catherine Fulmer would have had a better chance of survival. Upon information and belief, by the time Mrs. Fulmer's cancer was diagnosed her cancer was untreateable and terminal.

## TIMELINESS

25. Complainants FTCA claim against the United States of America is timely. On January 24, 2017, as required by 29 USC 2401(b) and 2675(a), Complainants presented their claim to DHH - within two years of the death of Catherine Fulmer.

26. The claim was denied by DHH on June 20, 2017. Hence, Complainant's FTCA complaint is timely; filed within six months of denial.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners Jay Holt Fulmer and Christina MacDonald pray that Defendant, the United States of America be served with copies of this Complaint and duly cited to appear and answer same. Further, that after expiration of all legal delays and due proceedings be held, that there be judgment herein rendered in favor of Jay Holt Fulmer and Christina MacDonald and against Defendant in any amount that fully compensates Petitioners for their claims of

wrongful death, survival damages, mental anguish, loss of love and affection, loss of services, loss of society, loss of financial support, past medical expenses, and burial expenses; said sums with legal interest, for all costs of these proceedings and for all general and equitable relief.

                Respectfully submitted,

                LAW OFFICE OF NICHOLAS J. SIGUR

                */s/ Nicholas J. Sigur*
                _____
                Nicholas J. Sigur (#2108)
                106 Beau Coteau Parkway
                Broussard, Louisiana 70518
                Tel: 337.205-2353
                Fax: 1.866.340.4418
                nsigur@gmail.com

                *Attorney for Plaintiffs, Jay Holt Fulmer and Christina MacDonald*

PLEASE ISSUE SUMMONS FOR:

1.     U.S. Attorney for the Eastern District of Louisiana
       650 Poydras Street, Suite 1600
       New Orleans, Louisiana 70130

2.     The Honorable Jeff Sessions
       U.S. Department of Justice
       950 Pennsylvania Avenue, NW
       Washington, DC 20530-0001

3.     US Department of Health and Human Services
       OGC/ General Law Division  Attn: Claims
       330 C Street, SW, Switzer Building, Ste. 2600
       Washington D.C. 20201